
DA 08-0114

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 219N

IN RE THE MARRIAGE OF
E.D.,

       Petitioner and Appellant,

  and

R.D.,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 04-393
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Monte Jewell, Attorney at Law; Missoula, Montana

      For Appellee:

      Quentin M. Rhoades, Sillivan, Tabaracci & Rhoades, PC;
Missoula, Montana

                  Submitted on Briefs:  January 7, 2009

                           Decided:  June 25, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 E.D. appeals from orders of the Fourth Judicial District Court, Missoula County, adopting the recommendations of the Guardian Ad Litem (GAL), retaining the GAL over E.D.'s objection, and maintaining a "dollar for dollar" travel credit against R.D.'s child support obligation. It is manifest on the record before us that the District Court did not err in its disposition of this matter. We therefore affirm.

¶3 E.D. and R.D. separated in May, 2004. The parties have two minor children. At a settlement conference in October, 2007, the parties stipulated to an interim parenting plan and child support payment. The agreement reserved resolution of a final parenting plan until the parties obtained the report of the GAL. The GAL made recommendations which continued to allow R.D. to have unsupervised parenting contact, but gave E.D. primary residential custody. The parties were also ordered to complete a parenting evaluation with Dr. Silverman. Dr. Silverman recommended restricted parenting time for R.D., which did not include overnight stays. After the evaluation, the GAL requested, and the court "approved and ordered" the recommendations of Dr. Silverman. R.D. timely

2

objected, and the court scheduled a hearing. The day before the hearing, the GAL filed an additional report and recommendations for the parenting plan which varied from Dr. Silverman's recommendations by suggesting alternating unsupervised weekend contact between R.D. and the children. E.D. objected to the additional recommendations.

¶4 On June 21, 2006, the District Court held a hearing in which it took testimony from both parties, an expert on domestic violence, Dr. Silverman, and R.D.'s therapist, among others. The court ordered that the GAL's recommendations be implemented as an interim parenting plan, and ordered that the GAL would "guide the parents with regard to a specific schedule to be implemented in the remainder of the summer and next school year." This interim parenting plan operated for the next fifteen months, until the Court entered the final decree.

¶5 During this time, E.D. moved to vacate the order as an improper delegation of authority to the GAL, which the court denied. Also during this time, the GAL notified the court that R.D. would be relocating to Tennessee, and the court ordered that he would receive a "dollar for dollar" credit to his child support obligation for his travel from Tennessee to Montana, or to facilitate the children's travel. Also during the time the interim parenting plan was operating, continuing disagreements regarding the nature and amount of contact R.D. was to have with the children arose between the parties, the GAL, and the various therapists working with the parties. Essentially, E.D. objected to R.D. having unsupervised contact with the children due to his history of domestic violence and mental illness. Ultimately, the court adopted the residential schedule recommended by

3

the GAL over E.D.'s objection, and contrary to the recommendations of Dr. Silverman. E.D. appeals various aspects of the parenting plan.

¶6　　We review the District Court's findings related to the parenting plan to determine if they are clearly erroneous. *See Jacobsen v. Thomas*, 2004 MT 273, ¶ 10, 323 Mont. 183, 100 P.3d 106. E.D. argues that the District Court erred in adopting the GAL's recommendation that R.D.'s parenting time should be unsupervised, because the GAL's recommendation was contradictory to Dr. Silverman's. We disagree. The District Court ordered that R.D. have unsupervised parenting time only after hearing testimony from the GAL, R.D.'s therapist, the children's therapist, a domestic violence expert, R.D.'s adult stepson, and after considering Dr. Silverman's report. The court's order reflects that after considering testimony and evidence, it found that it was in the best interests of the children to have unsupervised contact with their father. The court properly exercised its discretion in this regard, and its determination was not clearly erroneous.

¶7　　E.D. next asserts the District Court improperly delegated authority to the GAL, and erred in denying her motion to have the GAL removed for bias. While the court ultimately adopted the GAL's recommendations, this fact alone does not indicate that it delegated its authority to the GAL. The record indicates that the court considered both the recommendations of the GAL and testimony and evidence presented by E.D. contradicting the GAL's recommendations, yet decided that unsupervised parenting was in the best interests of the children. This was a proper exercise of the District Court's

4

discretion. Furthermore, the GAL's recommendations regarding unsupervised parenting contact were made within the scope of her statutory duties. *See* § 40-4-205(2), MCA.

¶8 Nor did the court err in not removing the GAL after E.D. alleged the GAL was biased. E.D. references several examples which may or may not indicate bias, but nothing so conclusive as to compel the District Court to remove the GAL. The District Court was in the best position to evaluate E.D.'s claims of bias, and it determined they were without merit. Ultimately, the GAL is charged with representing the best interests of the children. *See In re Custody of Krause,* 2001 MT 37, ¶ 13, 304 Mont. 202, 19 P.3d 811. None of the allegations made by E.D. indicate the GAL was not acting in the best interests of the children, nor do they establish sufficient evidence of bias indicating the District Court abused its discretion in not removing the GAL.

¶9 Finally, E.D. argues the District Court erred in adopting a dollar for dollar credit against R.D.'s child support obligation for his parenting-related travel between Tennessee and Montana. She asserts that where the court varies from the Montana Child Support Guidelines, (which do not provide for a dollar for dollar credit), that it must do so only after clear and convincing evidence of the reasons for a variance is established. The District Court did not abuse its discretion by finding that the variance was appropriate in this case. R.D. presented evidence of financial hardship occurring as a result of his relocating to Tennessee, and from his impaired work potential resulting from a heart condition.

¶10 Affirmed.

5

/S/ W. WILLIAM LEAPHART


We concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE

6